**Paul GRAUDS**
**v.**
**William FITZGERALD**

**Civil No. 131368**

Superior Court Department
Trial Court of the
Commonwealth of Massachusetts

**May 12, 1981**

### RULING, ORDER AND
### MEMORANDUM OF DECISION
### ON THE PLAINTIFF'S MOTION
### TO AMEND COMPLAINT

#### Introduction

The plaintiff Grauds commenced this action against the defendant Fitzgerald claiming battery, false imprisonment and violation of his civil rights. This action is presently before the Court on the plaintiff's motion to amend his complaint. The proposed amendment

would add, as a party defendant, the Town of Brookline, against whom the plaintiff asserts claims for false imprisonment, assault, and violation of civil rights. The defendant opposes the proposed amendment on the grounds that the plaintiff has failed to comply with the notice provisions of G.L. c. 258, sec. 4, in that the plaintiff's notice of claim was not presented to the executive officer of the Town of Brookline. In fact, the plaintiff's notice of claim was directed to an assistant town counsel. Additionally, the defendant asserts that although Chapter 258 abrogated to some extent the governmental immunity doctrine, the Legislature has left intact the well-established principle that the government is immune from liability for intentional torts.

## Memorandum of Decision

In 1978, the General Court enacted a comprehensive scheme governing tort liability of state and municipal governments and their officials. Since the plaintiff's claimed injury occurred on or about June 1, 1980, the 1978 Act governs Count IV and Count V of this action. G.L. c. 258, sec. 4, states, in relevant part, that:

> "A civil action shall not be instituted against a public employer on a claim for damages under this chapter unless the claimant shall have first presented his claim in writing to the executive officer of such public employer within two years after the date upon which the cause of action arose, and such claim shall have been finally denied by such executive officer in writing and sent by certified or registered mail, or as otherwise provided by this section. The failure of the executive officer to deny such claim in writing within six months after the date upon which it is presented, or the failure to reach

> final arbitration, settlement or compromise of such claim according to the provisions of section five, shall be deemed a final denial of such claim. No civil action shall be brought more than three years after the date upon which such cause of action accrued. Disposition of any claim by the executive officer of a public employer shall not be competent evidence of liability or amount of damages."

The defendant relies on the recent case of **Pruner v. Clerk of Superior Court,** 1981 Mass. Adv. Sh. (1981) to support his argument that the notice of claim procedure of sec. 4 is a condition precedent to a suit against the government or a public official. In **Pruner,** the plaintiff brought suit against two clerks of court, alleging that he sustained damages as a result of their negligence in causing an erroneous certificate of judgment to be issued. The Court held that the plaintiff's suit was barred because he had failed to present his claim in writing to the executive officer of the public employee within two years after the date upon which the cause of action arose, as mandated by G.L. c. 258, sec. 4.

The **Pruner** holding would seem to indicate that strict compliance with sec. 4, as opposed to substantial compliance,[1] is necessary before a civil action under Chapter 258 can be maintained. Such an interpretation leads to the conclusion

---

[1] Many jurisdictions have acted to alleviate the harshness of a strict compliance requirement, reasoning that notice of claim provisions must be construed in light of their object and purpose. See, McQuillan, **Municipal Corporations,** §53.163 (1963), and cases cited therein. Commentators agree that notice provisions are intended to provide for prompt investigation, encourage the adjustment of differences and settlement of claims, and protect the government entity from the expense of needless litigation. Gordon, **Notice of Claim Provisions: An Equal Protection Prospective,** 60 Cornell L. Rev. 417, 423 (1975). McQuillan, **supra,** §53.153.

that, in failing to notify the executive officer of the Town of Brookline prior to instigating suit, the plaintiff in this action is barred.[2]

Even if this court was to determine that plaintiff's notice of claim was sufficient to satisfy the Section 4 requirements, the plaintiff's cause of action for assault (Count IV) and false imprisonment (Count V) would be barred by Section 10 of Chapter 258. Section 10 provides that the provisions of the Act do not apply to "any claim arising out of an intentional tort including assault, battery, false imprisonment, false arrest..." In effect, the Legislature has retained, for state and municipal government, a limited immunity from certain types of claims. Since Counts IV and V of the plaintiff's amended complaint allege intentional torts, the plaintiff is barred from bringing such actions against the government.

Count VI of the plaintiff's amended complaint alleges violations of the plaintiff's civil rights and is brought pursuant to G.L. c. 12, sec. 11I. The provisions of the Massachusetts Torts Claims Act clearly do not apply to such a claim. Therefore, the plaintiff should not be barred from amending his complaint to include his claim under Section 11I.

### Rulings and Order

Based on the foregoing, the plaintiff's motion to amend his complaint is **allowed** as to Count VI and **denied** as to Counts IV and V.

Paul G. Garrity
Justice of the Superior Court

---

[2]The **Pruner** court left open the question of whether, under different circumstances, the requirements of §4 would be strictly construed. **Pruner,** at 143, n.13. The plaintiff in this action could argue that the facts of this case would warrant application of a substantial compliance test. This difficult issue, which has yet to be addressed by the Supreme Judicial Court, need not be reached here in that the plaintiff's claims under Courts IV and V are barred by G.L. c.258, §10. Section 10 excludes from the scope of Chapter 258 any claim arising out of an intentional tort. See, **infra.**